UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00132-TBR-LLK

RICHARD G.                                                                                                         PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                           DEFENDANT

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. [Doc. 1]. The fact and law summaries of the parties are at Doc. 16-1 and 22. Pursuant to General Order No. 2019-11, the Court referred this matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. [Doc. 9].

Plaintiff's sole argument is that the Administrative Law Judge's (ALJ's) mental residual functional capacity (RFC) determination is not supported by substantial evidence because "the ALJ failed to properly evaluate and explain his analysis of the opinion of treating Therapist Kirsten Tabor, B.S." [Doc. 16-1 at PageID.959]. Because the argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## The ALJ's decision

On May 21, 2021, the ALJ issued the Commissioner's final decision. [Administrative Record, Doc. 11 at 15-28]. The ALJ found that Plaintiff has not been under a disability from April 29, 2020, when Plaintiff alleges that he became disabled, through May 21, 2021. *Id.* at 27-28.

The ALJ analyzed Plaintiff's disability claim pursuant to the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 29, 2020. *Id.* at 17.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: inguinal hernia, status post repair in September 2020; osteoarthritis of the knees; obesity; persistent depressive disorder; impulse control disorder; and generalized anxiety disorder. *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 18.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding his severe physical impairments, Plaintiff can:

> … perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) … can never climb ladders, ropes or scaffolds but can frequently climb ramps and stairs … can frequently stoop and balance … can occasionally kneel, crouch and crawl … should avoid concentrated exposure to vibrations and all exposure to unprotected heights or dangerous machinery.

*Id.* at 20. The ALJ found that, notwithstanding his severe mental impairments, Plaintiff is able to:

> … understand, remember and carry out simple instructions, and occasionally detailed instructions … is able to maintain attention and concentration for two-hour segments over an eight-hour period and complete a normal workweek … is able to interact occasionally with supervisors and coworkers, sufficient for task completion, but supervision should be non-confrontational … should have no contact with the public … is able to adapt to routine changes and avoid hazards in a work setting with routine support and nature.

*Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 26.

Fifth, the ALJ found that Plaintiff retains the ability to perform a significant number of unskilled, light jobs in the national economy such as marker, small product assembler, and electrical accessory assembler. *Id.* at 27.

**Standard of review**

In the Social Security context, the question for the reviewing court is whether the ALJ's decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Court "will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r*, 710 F.3d 365, 374 (6th Cir. 2013). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The Court "may not try the case de novo nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y*, 964 F.2d 524, 528 (6th Cir. 1992) (quotation omitted). And the Court is not empowered to reweigh the evidence. *Price v. Comm'r*, 342 F. App'x 172, 174 (6th Cir. 2009).

**Plaintiff's argument is unpersuasive.**

Plaintiff argues that the ALJ's mental RFC determination is not supported by substantial evidence because "the ALJ failed to properly evaluate and explain his analysis of the opinion of treating Therapist Kirsten Tabor, B.S." [Doc. 16-1 at PageID.959].

From June 17, 2020, through August 26, 2020, Plaintiff's mental impairments necessitated enrollment in the Pennyroyal Mental Health Center crisis program. [Doc. 11 at 22, 25, 522]. On August 18, 2020, Ms. Tabor completed the Mental Capacity Assessment form at Plaintiff's request. *Id.* at 520-22. Ms. Tabor identified herself as a "Crisis Case Worker," and Plaintiff repeatedly refers to Ms. Tabor as a "CSW" (crisis services worker). [Doc. 11 at 520; Doc. 16-1 at PageID.953].

The CSW diagnosed persistent depressive disorder (dysthymic disorder) and impulse disorder. *Id.* at 520. The CSW found that Plaintiff is, at worst: 1) mildly limited in his ability to understand, remember, or apply information; 2) markedly limited in his ability to concentrate, persistence, or maintain pace because his "diagnoses hinder his ability to ignore distractions" and he "would require additional breaks to utilize self-soothing and anger management techniques"; 3) extremely limited in his ability to adapt or

3

manage himself "due to [his] current symptomology," including "depression, agitation, and aggressive behavior"; and 4) extremely limited in his ability to interact with others because his "impulse control hinders his ability to handle conflict." *Id.*

To be disabling, an impairment must satisfy the duration requirement. *See* 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement."). The ALJ discounted the CSW's opinions because they did not satisfy the duration requirement:

> Once again, this opinion [from the CSW], while may be consistent with the evidence and supported by her findings at the time it was rendered, it is not consistent with subsequent evidence. This assessment was completed while he was still in the crisis program and was living in the shelter. As already discussed, the evidence reveals an improvement in his condition. He has reported decreased irritability. There is nothing suggesting he experienced symptoms as severe as reported for 12 continuous months.

[Doc. 11 at 25].

Plaintiff argument that the ALJ failed to properly evaluate and explain the CSW's opinions is unpersuasive for two reasons. First, the ALJ properly discounted the CSW's opinion because it did not satisfy the duration requirement. Second, CSWs are not listed as acceptable medical sources. *See* 20 C.F.R. § 404.1502(a). Because Plaintiff filed his applications for benefits after March 27, 2017 [Doc. 11 at 15], the new rules for evaluating medical opinions apply. *See* 20 C.F.R. § 404.1520c ("For claims filed … on or after March 27, 2017, the rules in this section apply."). Under the new rules, the ALJ was "not required to articulate how [the ALJ] considered evidence from nonmedical sources" in light of the factors that apply to evaluation of medical source opinions at 20 C.F.R. § 404.1520c(a) through (c). 20 C.F.R. § 404.1520c(d).

4

**RECOMMENDATION**

Because Plaintiff's argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

July 15, 2022

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

July 15, 2022

Lanny King, Magistrate Judge
United States District Court